IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **NICHOLAS VARELA,** § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **CENTRAL MUTUAL INSURANCE** § <br> **COMPANY,** § <br> § <br> **Defendant.** § | **CIVIL ACTION NO. 6:23-CV-00148-JDK** |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On March 25, 2023, Defendant Central Mutual Insurance Company removed this case to federal court. (Doc. No. 1.) Plaintiff's original petition in state court alleged claims for breach of contract, noncompliance with the Texas Insurance Code, breach of the duty of good faith and fair dealing, violation of the Texas Deceptive Trade Practices Act, and common law fraud against Defendant. (Doc. No. 2.) On April 1, 2023, Defendant filed a first motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 3.) Thereafter, Plaintiff filed an amended complaint in federal court, again asserting claims for breach of contract, noncompliance with the Texas Insurance Code, breach of the duty of good faith and fair dealing, violation of the Texas Deceptive Trade Practices Act, and common law fraud against Defendant. (Doc. No. 4.) In response, Defendant filed a second motion to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 5.) Plaintiff filed a response to Defendant's motion. (Doc. No. 6.) The motion was referred to the undersigned for proposed findings of fact and recommendation for disposition. (Doc. No. 7.)

1

Defendant's second motion to dismiss seeks dismissal of Plaintiff's common law fraud claim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 5.) Plaintiff filed a response waiving his claims for relief asserting common law fraud and attaching a second amended complaint removing the common law fraud claim from the pleadings. (Doc. Nos. 6, 6-1.) Defendant has not filed any opposition to Plaintiff's second amended complaint and more than two months have passed since Plaintiff has filed his response and second amended complaint. Thus, the court presumes that Defendant consents to the filing of the second amended complaint. However, even if Defendant had opposition, which it has failed to state, it is well established that "the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court" and "[t]he court should freely give leave when justice so requires." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); Fed. R. Civ. P. 15(a)(2). Here, there is no undue delay in amendment as Plaintiff timely responded to Defendant's motion to dismiss, nor does there appear to be any bad faith or dilatory motive for amendment as Plaintiff has amended his pleadings in an effort to streamline the claims in this case. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). Similarly, the court is unaware of any prejudice to Defendant as Defendant has not filed an opposition to the amendment and the second amended complaint waives the common law fraud claims asserted against Defendant. *Id.*

Accordingly, the court **RECOMMENDS** that Plaintiff's second amended complaint (Doc. No. 6-1) be accepted as the live pleading in this matter. Defendant should be permitted to file a responsive pleading to Plaintiff's second amended complaint in accordance with the Federal Rules of Civil Procedure. Given the recommended allowance of the filing of the second amended complaint in this matter, the court further **RECOMMENDS** that Defendant's motions to dismiss (Doc. Nos. 3, 5) be **DENIED** as moot.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 23rd day of June, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE